IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

KARLTON FIELDS-BEY EXECUTOR,
et al.,

    Plaintiffs,

vs.                                    No. 11-2686-STA-dkv

JEREMY LIPFORD, et al.,

    Defendants.

---

ORDER CORRECTING THE DOCKET
ORDER REMANDING CASE TO SHELBY COUNTY CHANCERY COURT
AND
ORDER IMPOSING RESTRICTIONS ON THE FILING PRIVILEGES OF
KARLTON FIELDS-BEY AND FREDERICK JONES-BEY

---

On July 27, 2011, persons identifying themselves as Karlton Fields-Bey as Executor for the estate of Karlton S. Fields and Frederick Jones-Bey as Trustee for the K.S.F. Trust filed a pro se Complaint to Restrict and Prohibit Foreclosure, Motion to Set Aside Foreclosure & for Damages and Demand for Trial in the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis (the "Shelby County Chancery Court"). (ECF No. 1-1.) The Defendants are Jeremy Lipford, who is identified as a substitute Trustee; Shapiro & Kirsch, LLC, a Memphis law firm; John G. Stumpf, the Chairman and Chief Executive Officer of Wells Fargo & Company; Wells Fargo Bank, National Bank; Wells Fargo Bank,

N.A.; Arnold M. Weiss, who is identified as a former Trustee; and John Does 1 through 20.

The Complaint seeks to enjoin Wells Fargo from foreclosing on property located at 1953 Maple Creek Drive, Cordova, Tennessee. Karlton Fields is the mortgagor of that property. (See Compl. ¶ 16; see also ECF No. 16-1.) The Complaint asserts claims for fraud and misrepresentation (Compl. ¶¶ 28-36), wrongful foreclosure (id. ¶¶ 37-42), slander of title (id. ¶¶ 43-48), unlawful interference with possessory interest (id. ¶¶ 49-56), conflict of interest (id. ¶¶ 57-64), and lack of standing to foreclose (id. ¶¶ 65-76).

On August 11, 2011, Plaintiffs filed a Notice of Removal (Diversity) that purports to remove that case to federal court. (ECF No. 1.) Fields-Bey paid the civil filing fee. (ECF No. 2.) Fields-Bey filed what purports to be the state-court record on August 31, 2011. (ECF No. 6.)

The Notice of Removal (Diversity) purports to remove this action to federal court on the basis of diversity jurisdiction. (ECF No. 1 at 1.)[1] Paragraph 10 of the Complaint states as follows:

> 10. The United States District Court for Western Tennessee [sic] has jurisdiction based on "diversity jurisdiction" pursuant to The United States Constitution, Article III, § 2 and 28 U.S.C. §1331. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 2241 because Pending foreclosure sale on Plaintiff's [sic] real property is in violation of the Constitution

---

[1] The Notice of Removal incorporates an Amended Complaint. This is, technically, improper because a federal court looks to the operative state-court complaint to assess whether a case is removable. The Amended Complaint was never filed in state court and, therefore, it cannot be considered at this stage of the proceedings.

and laws of the United States. The Court has jurisdiction under 28 U.S.C. § 1332, in that the amount in controversy is in excess of $75,000.00. The Plaintiff also invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1343(4) in that the Plaintiff seeks to redress deprivation of rights guaranteed by both the Constitution and federal statutes.

(ECF No. 1-1 at 3.)[2]

Plaintiffs are not suing on their own behalf but, rather, in a representative capacity.[3] However, a party in federal court must proceed either through licensed counsel or on his or her own behalf. See 28 U.S.C. § 1654. A pro se litigant can only represent his own interests,[4] and can only sign pleadings on his own behalf.[5]

---

[2] Paragraph 10 of the Amended Complaint in the Notice of Removal contains the following, additional language:

> Venue is appropriate in this District under 28 U.S.C. § 1391(b)(1), (b)(2), and (c). Additionally, complaint is amended from initial complaint filed in state include additional and primarily federal issues. State court lacks the jurisdiction and capacity to render relief.

(ECF No. 1 at 3.) In the Amended Complaint, Fields-Bey and Jones-Bey also assert that they are "Indigenous Moorish Pre-PaleoAmericans." (Notice ¶ 11, ECF No. 1 at 6.) That allegation does not appear in the original Complaint, where they allege that they are "American Citizens." (Compl. ¶ 11.)

[3] It is questionable whether the estate of Karlton S. Fields is a proper party to this action. Karlton S. Fields and Karlton Fields-Bey appear to be the same person. Fields is, plainly, not dead and cannot act as the executor of his own estate.

Frederick Jones-Bey is an alias of Frederick Daniel Jones, who previously filed a very similar lawsuit challenging a foreclosure on his own real property. That case was dismissed for want of subject-matter jurisdiction. Jones v. Midland Mortgage Co., No. 09-2732-JDT-dkv (W.D. Tenn.).

The Clerk is directed to correct the docket to reflect that Karlton S. Fields is an alias of Karlton Fields-Bey and that Frederick Daniel Jones is an alias of Frederick Jones-Bey.

[4] Shepherd v. Wellman, 313 F.3d 963, 970-71 (6th Cir. 2003).

[5] Garrison v. Fleet Fin., Inc., No. 97-6422, 1999 WL 282626, at *1 (6th Cir. Apr. 30, 1999) ("The signing and filing of a notice of appeal on behalf of another by a person who is not a qualified attorney is ineffective to vest an
(continued...)

3

Fields-Bey cannot proceed pro se on behalf of the estate of Karlton S. Fields,[6] and Jones-Bey cannot sue on behalf of K.S.F. Trust.[7] Had this matter continued in federal court, Plaintiffs would have been required to retain counsel if the Karlton S. Fields estate or the K.S.F. Trust actually exists. The Court will overlook this defect only because the case is not properly in federal court.

Since the commencement of this action, the parties have filed numerous documents and motions, including motions to dismiss filed by Defendants Wells Fargo Bank, N.A. and Stumpf on September 22, 2011 (ECF No. 16) and by Defendants Lipford & Shapiro & Kirsch LLP on September 23, 2011 (ECF No. 17). It is unnecessary to consider any of these motions because the case was not properly removed to federal court.

---

[5] (...continued) appellate court with jurisdiction."); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself.") (internal quotation marks and alteration omitted); Cochran v. Nelson, No. 93-3521, 1994 WL 28648, at *3 (6th Cir. Feb. 1, 1994) ("Because Virgil Cochran is not an attorney, he may not represent his son in federal court."); Peak v. Smith, No. 91-5902, 1992 WL 60194, at *1 (6th Cir. Mar. 27, 1992) ("As an initial matter, we recognize this appeal as brought only by plaintiffs Peak and Crowhorn as they were the only parties to sign the notice of appeal. As plaintiff Duncan failed to sign the notice of appeal, he failed to effectuate an appeal. In addition, Peak and Crowhorn are not permitted to plead or conduct the case for others because they are not attorneys. Therefore, the only plaintiffs before this court as appellants are Peak and Crowhorn.") (citations omitted).

[6] An executor of an estate cannot proceed pro se unless he is the sole beneficiary and the estate has no creditors. Guest v. Hanson, 603 F.3d 15, 19 (2d Cir. 2010); Shepherd, 313 F.3d at 970 ("Gary Shepherd cannot proceed pro se with respect to the § 1983 action because he is not the sole beneficiary of the decedent's estate.").

[7] Knoefler v. United Bank of Bismark, 20 F.3d 347, 348 (8th Cir. 1994); C.E. Pope Equity Tr. v. United States, 818 F.2d 696, 697-98 (9th Cir. 1987); Retired Persons Fin. Servs. Clients Restitution Tr. v. U.S. Attorney for N.D. Tex., No. 3:03-CV-2658-D, 2004 WL 937170, at *1 (N.D. Tex. Apr. 29, 2004) (report and recommendation); Keyway Leasing Tr. v. U.S., No. 1:98-CV-796, 1999 WL 810386, at *1 (W.D. Mich. Aug. 26, 1999).

4

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."[8] Federal courts are obliged to act sua sponte whenever a question about jurisdiction arises.[9] A district court may address the issue of subject-matter jurisdiction of a removed case sua sponte. Probus v. Charter Communic'ns, LLC, 234 F. App'x 404, 406 (6th Cir. 2007). Although a district court may not remand a case sua sponte because of a procedural defect in the removal, Page v. City of Southfield, 45 F.3d 128, 132-33 (6th Cir. 1995), a sua sponte remand for want of subject-matter jurisdiction is permitted, Lexington-Fayette Urban Cnty. Gov't Civil Serv. Comm'n v. Overstreet, 115 F. App'x 813, 816-17 (6th Cir. 2004).

---

[8] Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed 2d 391 (1994) (citations omitted); see also Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxite de Guinee, 456 U.S. 694, 701, 102 S. Ct. 2099, 2104, 72 L. Ed. 2d 492 (1982) ("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374, 98 S. Ct. 2396, 2403, 57 L. Ed. 2d 274 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction.").

[9] See, e.g., Ins. Corp. of Ireland, Ltd., 456 U.S. at 702, 102 S. Ct. at 2104 ("a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10, 58 S. Ct. 586, 589 n.10, 82 L. Ed. 845 (1938); Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte").

Plaintiffs purport to rely on this Court's diversity jurisdiction. Under 28 U.S.C. § 1441(a),

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

Section 1441(a) does not authorize a plaintiff to remove a case he himself has commenced in state court. Santiago v. Chandler, Civil Action No. 3:06-CV-P408-S, 2006 WL 2583715 (W.D. Ky. Sept. 7, 2006); cf. Johnson v. City of Wakefield, No. 07-cv-156, 2007 WL 2904039 (W.D. Mich. Oct. 4, 2007) (dismissing complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) where plaintiff filed a complaint asking federal court to remove his state-court action rather than a notice of removal).[10] For these reasons alone, the case cannot be removed to federal court even if there were a basis for federal jurisdiction.

The Complaint does not adequately allege that there is diversity jurisdiction. Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all

---

[10] Fields, the mortgagor, is almost certainly unable to remove this action. Under 28 U.S.C. § 1441(b), a civil action of which the federal courts have diversity jurisdiction "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." It is likely that Fields is a citizen of Tennessee and, therefore, the case is not properly removable even if all Defendants are citizens of other states.

defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89, 126 S. Ct. 606, 613, 163 L. Ed. 2d 415 (2005) (citations omitted). "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties."[11] Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." "The legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State of the decedent." 28 U.S.C. § 1332(c)(2).

The Complaint alleges that Fields-Bey and Jones-Bey are natural persons with a mailing address in Tennessee (Compl. ¶ 12, ECF No. 1-1), but there is no allegation of their citizenship. There also is no allegation of the citizenship of Karlton Fields, the purported decedent. The Complaint contains no factual allegations about the K.S.F. Trust, including its corporate form and beneficiaries, and does not state whether Jones-Bey, as trustee, is authorized to sue on its behalf. See Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 464, 100 S. Ct. 1779, 1783, 64 L. Ed. 2d 425 (1980) ("[A] trustee is a real party to the controversy for

---

[11] Naartex Consulting Corp. v. Watt, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983); see also Johnson v. New York, 315 F. App'x 394, 395 (3d Cir. 2009) (per curiam) ("To invoke diversity jurisdiction, Johnson was required to plead that he is a citizen of a particular state and that the defendants are citizens of a different state or states."); Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (complaint did not properly allege diversity jurisdiction); Leys v. Lowe's Home Centers, Inc., 601 F. Supp. 2d 908, 912-13 (W.D. Mich. 2009) (complaint and notice of removal did not adequately establish diversity jurisdiction); Ellis v. Kaye-Kibbey, No. 1:07-cv-910, 2008 WL 2696891, at *2-3 (W.D. Mich. July 1, 2008) (dismissing complaint without prejudice for failure adequately to allege facts establishing diversity of citizenship despite conclusory allegation that diversity existed); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1208 (3d ed. 2004).

purposes of diversity jurisdiction when he possess certain customary powers to hold, manage, and dispose of assets for the benefit of others."). The Complaint also lists Tennessee business addresses for Defendants Weiss and Lipford (Compl. ¶¶ 2, 6) and does not address the citizenship of those defendants.

The Complaint also does not address the citizenship of Shapiro & Kirsch. For diversity purposes, a limited liability company is treated as a partnership rather than a corporation. Thus, a limited liability company is a citizen of every state in which one or more of its members resides.[12] There is no allegation about the citizenship of the members of Shapiro & Kurtz.

The Complaint also does not adequately allege that there is federal question jurisdiction. Under 28 U.S.C. § 1331, which governs federal question jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Complaint alleges that "[t]his Court has jurisdiction over this action pursuant to 28 U.S.C. §2241 [sic] because Pending foreclosure sale on Plaintiff's real property is in violation of the Constitution and laws of the United States." (Compl. ¶ 10.) The Complaint does not assert a claim under 28 U.S.C. § 2241, which

---

[12] Homfeld II, L.L.C. v. Comair Holdings, Inc., 53 F. App'x 731, 732-33 (6th Cir. 2002); see also Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members.") (collecting cases); GMAC Comm. Credit v. Dillard Dep't Stores, 357 F.3d 827, 829 (8th Cir. 2004); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) ("the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members").

addresses petitions for writs of habeas corpus. Section 2241, which authorizes federal courts to grant writs of habeas corpus when a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), is inapplicable to this case because Plaintiffs are not "in custody."

Paragraph 10 of the Compliant also cites 28 U.S.C. § 1343(4), which confers federal jurisdiction over suits "[t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote." The Supreme Court has rejected the position that § 1343(4) "encompass[es] all federal statutory suits," Chapman v. Houston Welfare Rights Org., 441 U.S. 618, 99 S. Ct. 1905, 1916, 60 L. Ed. 2d 508 (1979), or "allow[s] jurisdiction without respect to the amount in controversy for claims which in fact have nothing to do with 'civil rights,'" id. at 620, 99 S. Ct. at 1917. "[T]he Congress that enacted § 1343(4) was primarily concerned with providing jurisdiction for actions dealing with the civil rights enumerated in 42 U.S.C. § 1985, and most notably the right to vote. While the words of [that] statute[] are not limited to the precise claims which motivated their passage, it is inappropriate to read the jurisdictional provisions to encompass new claims which fall well outside the common understanding of their terms." Id. at 621, 99 S. Ct. at 1918. Thus, in Chapman the Supreme Court held that the Social Security Act is not a statute providing for "civil rights" within the meaning of § 1343(4). Id. at 623, 99. S. Ct. at 1919.

Plaintiffs' Complaint does not allege a violation of any federal statute providing for the protection of civil rights. Each of the claims asserted arises under state law. Although the Complaint contains scattered references to federal statutes,[13] none of these statutes provides for the protection of civil rights. The Complaint also does not purport to assert a claim under those statutes. See supra p. 2. Therefore, there is no jurisdiction under 28 U.S.C. § 1343(4) and no federal-question jurisdiction.

Because this Court lacks subject-matter jurisdiction over the matter, the case is REMANDED to the Shelby County Chancery Court. All pending motions are DENIED as moot. The Clerk is directed to close the case without entry of a judgment.

Pursuant to 28 U.S.C. § 1447(d), orders remanding a case to state court for want of subject-matter jurisdiction are not appealable.

The Clerk is directed, pursuant to 28 U.S.C. § 1447(c), to mail a certified copy of this order to the Clerk of the Shelby County Chancery Court.

---

[13] See, e.g., Compl. ¶¶ 11 (United States Constitution and Bill of Rights), 16(a) (promissory note "is specifically governed by federal law," without specifying the law), 18 (referring to "FDCA," without citation or elaboration), 22 ("FDCA"), 23 ("FDCA"), 53 ("Statues [sic] at Large Public Law 13 of the 38th congress [sic] Stat 99-118, the National Currency Act which is expressed as prima facie Law under the united States Code Title 12 Banks and Banking"), 54 ("Public Law Volume 13 of the 39th Congress Stat 99-118"), 55 ("Public Law Volume 13 of the 38th Congress Stat 99-118"), 65 ("Section 23 page 106 of the 38th Congress" & "IRS Codes Section 1.1001-1 (457) C.C.H."), 71 ("15 U S C sec. 1635(a) and (b) and 12 CFR sec. 226.23(b)"), 73 (Defendants "conducted an illegal enterprise within the meaning of RICO statute"), 74 ("civil RICO").

Karlton S. Fields a/k/a Karlton Fields-Bey and Frederick Daniel Jones a/k/a Frederick Jones-Bey are BARRED from filing any paper in any action in this district on behalf of any person other than themselves or on behalf of any artificial entity. **If Fields-Bey or Jones-Bey file any further documents in any action in this district on behalf of any person other than themselves or on behalf of any artificial entity, they may be held in contempt and may be subject to monetary sanctions.**

IT IS SO ORDERED this 26th day of March, 2012.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE